MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
ALEXANDER RAY THURSTON,
*individually and on behalf of others similarly situated,*

                      *Plaintiff*,

    -against-

FLYFIT HOLDINGS, LLC (D/B/A FLYFIT GLOBAL) and BRIAN CHAPPON,

                      *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**ECF Case**

Plaintiff Alexander Ray Thurston ("Plaintiff Thurston" or "Mr. Thurston"), individually, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against FlyFit Holdings, LLC (d/b/a FlyFit Global), ("Defendant Corporation") and Brian Chappon, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff Thurston is a former employee of Defendants FlyFit Holdings, LLC (d/b/a FlyFit Global) and Brian Chappon.

2. Defendants own, operate, or control a fitness company, located at 221 West 29th Street, Apt 22B, New York, New York 10001 under the name "FlyFit Global."

3. Upon information and belief, individual Defendant Brian Chappon, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the as a joint or unified enterprise.

4. Plaintiff Thurston was employed as an executive assistant of the CEO at the company located at 221 West 29th Street, Apt 22B, New York, New York 10001.

5. At all times relevant to this Complaint, Plaintiff Thurston worked for Defendants without appropriate compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Thurston appropriately for all hours worked.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Thurston wages on a timely basis.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Thurston and other employees to work without providing the compensation required by federal and state law and regulations.

9. Plaintiff Thurston now brings this action on behalf of himself for unpaid wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Thurston's state law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a fitness company located in this district. Further, Plaintiff Thurston was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

12. Plaintiff Alexander Ray Thurston ("Plaintiff Thurston" or "Mr. Thurston") is an adult individual presently residing in Utah.

13. Plaintiff Thurston was employed by Defendants at "FlyFit Global" in New York, New York from approximately December 1, 2017 until on or about May 1, 2018.

*Defendants*

14. At all relevant times, Defendants own, operate, or control a fitness company, located at 221 West 29th Street, Apt 22B, New York, New York 10001 under the name "FlyFit Global".

15. Upon information and belief, FlyFit Holdings, LLC (d/b/a FlyFit Global) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 221 West 29th Street, Apt 22B, New York, New York 10001

16. Defendant Brian Chappon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Brian Chappon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Brian Chappon possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Thurston, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

17. Defendants operate a fitness company located in the Chelsea neighborhood of Manhattan in New York City.

18. Individual Defendant, Brian Chappon, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

19. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

20. Each Defendant possessed substantial control over Plaintiff Thurston's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Thurston.

21. Defendants jointly employed Plaintiff Thurston and are Plaintiff Thurston's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

22. In the alternative, Defendants constitute a single employer of Plaintiff Thurston and/or similarly situated individuals.

23. Upon information and belief, Individual Defendant Brian Chappon operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

24. At all relevant times, Defendants were Plaintiff Thurston's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Thurston, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Thurston's services.

25. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

26. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the fitness company on a daily basis are goods produced outside of the State of New York.

*Plaintiff Alexander Ray Thurston*

27. Plaintiff Thurston was employed by Defendants from approximately December 1, 2017 until on or about May 1, 2018.

28. Defendants employed Plaintiff Thurston as an executive assistant to the CEO.

29. From approximately December 1, 2017 until on or about May 1, 2018, Plaintiff Thurston worked from approximately 9:00 a.m. until on or about 5:00 p.m., 5 days a week (typically 40 hours per week).

30. Throughout his employment, Defendants paid Plaintiff Thurston his wages by personal check.

31. Plaintiff was originally informed that he would be a salaried employee, working for an annual salary of $75,000.00.

32. In practice, Plaintiff was paid his first check on February 6, 2018 in the amount of $3,600.00 for all work to that date.

33. Plaintiff received a second check dated March 8, 2018 in the amount of $3,600.00.

34. For the period between March 8, 2018 through April 18, 2018, Plaintiff was paid in check in the amount of $2,750.00.

35. For the time Plaintiff worked between April 18, 2018 and the end of his employment, Plaintiff was paid no wages at all.

36. Plaintiff Thurston was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

37. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Thurston regarding overtime and wages under the FLSA and NYLL.

38. Defendants did not provide Plaintiff Thurston an accurate statement of wages, as required by NYLL 195(3).

39. Defendants did not give any notice to Plaintiff Thurston of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

40. Defendants required Plaintiff Thurston to purchase "tools of the trade" with his own funds—including the DocHub Software.

*Defendants' General Employment Practices*

41. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Thurston (and all similarly situated employees) to work without paying him appropriately as required by federal and state laws.

42. Plaintiff Thurston was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

43. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

44. Defendants paid Plaintiff Thurston his wages in personal checks.

45. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

46. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

47. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Thurston and other similarly situated former workers.

48. Defendants failed to provide Plaintiff Thurston and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

49. Defendants failed to provide Plaintiff Thurston and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

50. Plaintiff Thurston repeats and realleges all paragraphs above as though fully set forth herein.

51. Defendants failed to provide Plaintiff Thurston with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

52. Defendants are liable to Plaintiff Thurston in the amount of $5,000, together with costs and attorneys' fees.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

53. Plaintiff Thurston repeats and realleges all paragraphs above as though fully set forth herein.

54. With each payment of wages, Defendants failed to provide Plaintiff Thurston with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

55. Defendants are liable to Plaintiff Thurston in the amount of $5,000, together with costs and attorneys' fees.

## THIRD CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

56. Plaintiff Thurston repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants required Plaintiff Thurston to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

58. Plaintiff Thurston was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

59. Plaintiff Thurston repeats and realleges all paragraphs above as though set forth fully herein.

60. Defendants did not pay Plaintiff Thurston on a regular weekly basis, in violation of NYLL §191.

61. Defendants are liable to Plaintiff Thurston in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Thurston respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Thurston's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Thurston;

(d) Awarding Plaintiff Thurston damages for the amount of unpaid damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff Thurston liquidated damages in an amount equal to 100% of his damages for the amount of unpaid , and damages for any improper deductions or credits taken

against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Thurston;

(g) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Thurston's compensation, hours, wages and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Thurston;

(i) Awarding Plaintiff Thurston damages for the amount of unpaid , and for any improper deductions or credits taken against wages as applicable

(j) Awarding Plaintiff Thurston damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff Thurston liquidated damages in an amount equal to one hundred percent (100%) of the total amount of shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l) Awarding Plaintiff Thurston members pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff Thurston the expenses incurred in this action, including costs and attorneys' fees;

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Thurston demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 3, 2018

                      MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 9, 2018

BY HAND

TO:     Clerk of Court,

*I hereby consent to join this lawsuit as a party plaintiff.*

Name:                    Alexander Ray Thurston

Legal Representative:    Michael Faillace & Associates, P.C.

Signature:               _____

Date:                    7/23/18

Certified as a minority-owned business in the State of New York