UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER RAY THURSTON, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

FLYFIT HOLDINGS, LLC (D/B/A FLYFIT GLOBAL) and BRIAN CHAPPON,

*Defendants.*

Case No. 18-cv-9044

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Alexander Ray Thurston ("Plaintiff Thurston") on the one hand, Flyfit Holdings, LLC (d/b/a FlyFit Global) and Brian Chappon, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Thurston alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Thurston's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 18-cv-9044 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Thurston and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Fourteen Thousand Dollars and No Cents ($**14,000.00**) (the "Settlement Amount"), on or before June 20, 2019. The payment shall consist of two separate checks:

1. One check in the amount of Nine Thousand Three Hundred Thirty Three Dollars with Thirty

Three Cents ($9,333.33) made payable to plaintiff "Alexander Ray Thurston"

    2. One check in the amount of Four Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($4,666.67) made payable to "Michael Faillace & Associates, P.C.".

    On or before June 20, 2019, the payment set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

    Concurrently with the execution of this Agreement, Defendants FlyFit Global LLC (d/b/a FlyFit Global) and Brian Chappon, shall each execute and deliver to Plaintiff Thurston's counsel confessions of judgment ("Confessions of Judgment") in the form of annexed as Exhibits. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Thurston's counsel hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make the payment as set forth above, i.e., Defendants fail to deliver the payment to Plaintiff Thurston's counsel within **five days** of the Court approving the Agreement and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel Thomas Austin Brown, THE AUSTIN BROWN LAW FIRM, 349 5th Avenue, New York, NY 10016). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

    2.    <u>Release and Covenant Not To Sue</u>:  Plaintiff Thurston hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Thurston at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff Thurston from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Thurston relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  The parties ask the court to retain jurisdiction of this matter for settlement enforcement purposes.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.    <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Thurston and Defendants.

    5.    <u>Acknowledgments:</u>   Plaintiff Thurston and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Thurston:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Thomas Austin Brown
**THE AUSTIN BROWN LAW FIRM**
349 5th Avenue
New York, NY 10016
(917)-716-6537
Email: austin@austinbrownlaw.com

7. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Thurston agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff Thurston to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Thurston acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Thurston acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF:</u>

By: _____/s/_____    Date: __06 /14 /19__
     ALEXANDER RAY THURSTON

<u>DEFENDANTS:</u>

*Defendant Corporation*

By: _____    Date: _____
     FLYFIT HOLDINGS, LLC


*Individual Defendant*

By: _____    Date: _____
     BRIAN CHAPPON

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF:</u>

By: _____          Date: _____
    ALEXANDER RAY THURSTON

<u>DEFENDANTS:</u>

*Defendant Corporation*

By: _____          Date: _____
    FLYFIT HOLDINGS, LLC

*Individual Defendant*

By: _____                                _____
        Date: _____
        BRIAN CHAPPON