# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/19

michael@faillacelaw.com

June 14, 2019

**BY ECF**

Hon. Judge Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

The Court approves the attached settlement agreement pursuant to *Cheeks* and dismisses this case with prejudice. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Paul A. Engelmayer  6/26/19

PAUL A. ENGELMAYER
United States District Judge

Re:   *Thurston v. FlyFit Holdings LLC et al.*;
      Index No. 18-cv-9044

Your Honor:

This office represents plaintiff Alexander Ray Thurston ("Plaintiff Thurston") in the above referenced matter. Plaintiff writes to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before Your Honor. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

## 1. Background

Plaintiff Thurston filed his Complaint against Defendants alleging claims for unpaid wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff Thurston was employed by Defendants from December 2017 until on or about May 1, 2018. During this time, Plaintiff worked approximately 40 hours per week. Throughout his employment, Defendants paid Plaintiff Thurston his wages by personal check. Plaintiff Thurston was originally informed that he would be paid an annual salary of $75,000. However, Plaintiff was paid his first check on February 6, 2018 in the amount of $3,600.00 for all work to that date. Plaintiff received a second check dated March 8, 2018 in the amount of $3,600.00 for that period.

Page 2

For the period between March 8, 2018 through April 18, 2018, Plaintiff was paid in check in the amount of $2,750.00. For the time Plaintiff worked between April 18, 2018 and the end of his employment, Plaintiff was paid no wages at all. Defendants required Plaintiff Thurston to purchase "tools of the trade" with his own funds—including the DocHub Software.

Defendants categorically deny the allegations in the Complaint.

## 2. Settlement Terms

Plaintiff Thurston alleges he was entitled to back wages of approximately $20,338.53. Plaintiff Thurston estimates that if he had recovered in full for his claims, he would be entitled to approximately $56,036.11 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff Thurston's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $14,000. The settlement will be paid in a lump sum payment.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff Thurston's claims. Defendants were adamant that Plaintiff was paid properly.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with Plaintiff Guzman, Plaintiff Thurston's counsel will receive $4,666.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiff Thurston's retainer agreement, which provides that forty percent of Plaintiff Thurston's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $6,866.00. A copy of Plaintiff Thurston's billing record is attached as "Exhibit C." Mr. Michael Faillace's standard billing rate is $450 an hour

Page 3

(MF), Mr. Shawn Clark's standard billing rate was $375 an hour, Mr. Daniel Tannenbaum's standard billing rate is $350 an hour (SC and DT, respectively), and PL stands for paralegal work at a standard billing rate of $100 an hour.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, and considering it is a reduction of attorney's lodestar (as per Exhibit C), Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of the attorneys who performed billed work in this matter is as follows:

I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Shawn Clark was a senior associate at Michael Faillace & Associates. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed

Case 1:18-cv-09044-PAE-SN   Document 28   Filed 06/26/19   Page 4 of 9
Case 1:18-cv-09044-PAE-SN   Document 27   Filed 06/14/19   Page 4 of 4

Page 4

appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He has been selected as a Super Lawyers Rising Star yearly since 2015.

Daniel Tannenbaum is an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. Since joining Michael Faillace & Associates, P.C. in March 2019, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace
Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALEXANDER RAY THURSTON, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

FLYFIT HOLDINGS, LLC (D/B/A FLYFIT GLOBAL) and BRIAN CHAPPON,

*Defendants.*

**Case No.** 18-cv-9044

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Alexander Ray Thurston ("Plaintiff Thurston") on the one hand, Flyfit Holdings, LLC (d/b/a FlyFit Global) and Brian Chappon, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Thurston alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Thurston's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 18-cv-9044 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Thurston and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Fourteen Thousand Dollars and No Cents (**$14,000.00**) (the "Settlement Amount"), on or before June 20, 2019. The payment shall consist of two separate checks:

1. One check in the amount of Nine Thousand Three Hundred Thirty Three Dollars with Thirty

1231196.1

Three Cents ($9,333.33) made payable to plaintiff "Alexander Ray Thurston"

2. One check in the amount of Four Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($4,666.67) made payable to "Michael Faillace & Associates, P.C.".

On or before June 20, 2019, the payment set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

Concurrently with the execution of this Agreement, Defendants FlyFit Global LLC (d/b/a FlyFit Global) and Brian Chappon, shall each execute and deliver to Plaintiff Thurston's counsel confessions of judgment ("Confessions of Judgment") in the form of annexed as Exhibits. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Thurston's counsel hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make the payment as set forth above, i.e., Defendants fail to deliver the payment to Plaintiff Thurston's counsel within **five days** of the Court approving the Agreement and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel Thomas Austin Brown, THE AUSTIN BROWN LAW FIRM, 349 5th Avenue, New York, NY 10016). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. Release and Covenant Not To Sue: Plaintiff Thurston hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Thurston at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Thurston from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Thurston relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. The parties ask the court to retain jurisdiction of this matter for settlement enforcement purposes.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Thurston and Defendants.

5. Acknowledgments: Plaintiff Thurston and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Thurston:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Thomas Austin Brown
**THE AUSTIN BROWN LAW FIRM**
349 5th Avenue
New York, NY 10016
(917)-716-6537
Email: austin@austinbrownlaw.com

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Thurston agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. Release Notification: Defendants advised Plaintiff Thurston to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Thurston acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Thurston acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: 06 /14 /19
    ALEXANDER RAY THURSTON

DEFENDANTS:

*Defendant Corporation*

By: _____          Date: _____
    FLYFIT HOLDINGS, LLC

*Individual Defendant*

By: _____          Date: _____
    BRIAN CHAPPON

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    ALEXANDER RAY THURSTON

DEFENDANTS:

*Defendant Corporation*

*[signature]*

By: _____          Date: _____
    FLYFIT HOLDINGS, LLC

*Individual Defendant*

*[signature]*

By: _____                                _____
     Date: _____
     BRIAN CHAPPON