# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd. St. Ste. 4510　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

September 24, 2019

**BY ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

　　　　　　　　　　Re:　　*Thurston v. FlyFit Holdings LLC et al.*;
　　　　　　　　　　　　　Index No. 18-cv-9044

Your Honor:

　　　　We are attorneys for Plaintiffs in the above-referenced matter. Plaintiffs write to inform the Court that, although this matter was discontinued in light of the parties reaching a settlement agreement, *see* Civil Docket Sheet at 28, Defendants have already defaulted on their obligations thereunder. Defendants, however, are bound by their explicit agreement to settle this matter, and may not now attempt to evade their obligations simply because they have had a change of heart regarding the settlement. *U.S. v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.") Accordingly, Plaintiffs respectfully request that the Court enforce the settlement agreement reached in this case and approved by Your Honor on June 26, 2019.

　　**A.　Factual Background**

　　　　Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL").

　　　　Specifically, Plaintiff alleged that he was employed as an assistant for Defendants, who operated a fitness company. Plaintiff alleges that Defendants required him to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiff also alleges Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL.

　　　　The parties reached an agreement, and filed their settlement documents with the Court for approval (Doc. No. 27). The Court approved the parties' settlement agreement on December June 26, 2019, and closed the case. (**Doc. No. 28**). Since then, Defendants have not submitted any of

the installment payments they committed to under the settlement. Plaintiffs served Defendants with a default notice, per the terms of the Agreement. Defendants failed to cure the default.

### B. Legal Basis for Plaintiffs' Anticipated Motion

*The Parties Reached an Enforceable Settlement Agreement Approved by Your Honor*

A district court has the power, and indeed the duty, to enforce summarily, on motion, a settlement agreement reached in a case pending before it. *See*, *e.g.*, *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) ("[T]he district court had not only the power but the duty to enforce a settlement agreement which it had approved."); Samuel v. Bd. of Educ., No. 12-CV-4219 (ENV) (LB), 2015 U.S. Dist. LEXIS 137547 *9 (E.D.N.Y. July 23, 2015); Harriprashad v. Metro. Prop. & Cas. Ins. Co., 2014 U.S. Dist. LEXIS 131241 *52 (E.D.N.Y. Aug. 14, 2014); Sprint Communs. Co. L.P. v. Jasco Trading, Inc., 5 F. Supp. 3d 323, 328 (E.D.N.Y. 2014) *Lindner v. Am. Express Corp.*, No. 06 Civ. 3834 (JGK), 2007 U.S. Dist. LEXIS 41178, 2007 WL 1623119, at *3 (S.D.N.Y. June 5, 2007). "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." *Janus Films, Inc. v Miller*, 801 F2d 578, 581 (2d Cir 1986).

Here, the parties reported their settlement to the Court, and the Court approved the terms of the parties' settlement documents. In the settlement documents, Defendants explicitly agreed to pay Plaintiffs $14,000 in one installment. *See* Doc. No. 47, Ex. 1 at ¶ 1(1). While the parties contemplated creating confessions of judgment in this matter, and while the agreement called for their signing, no confessions of judgment were in fact executed by any of the Defendants. Nonetheless the parties did execute the agreement with an explicit provision asking the court to retain jurisdiction for enforcement purposes. *See id.* at ¶ 2.

Based on the foregoing, Plaintiffs respectfully request this Court: (1) restore this matter to the active calendar; and (2) conduct a pre-motion conference in connection with Plaintiffs' anticipated motion to enforce the settlement agreement approved by Your Honor.

Respectfully Submitted,

_____/s/ *Michael Faillace*_____
Michael Faillace
Michael Faillace & Associates, P.C.
Attorneys for Plaintiffs

cc: *Attorneys for Defendants* (By ECF)